IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MELINDA YPARREA, ET AL.**                                                                       **PLAINTIFFS**

**VS.**                                   **CAUSE NO. 3:06cv343DPJ-JCS**

**WAL-MART STORES, INC.**                                                              **DEFENDANT**

**BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR IMPROPER VENUE
OR ALTERNATIVELY TO TRANSFER VENUE**

**COMES NOW,** Wal-Mart Stores, Inc. ("Wal-Mart"), the Defendant herein, by and through counsel, and respectfully submit this brief in support if its motion to dismiss or alternatively to transfer this cause to the United States District Court for the Western District of Arkansas, Fayetteville Division, and would show unto the court the following matters and facts, to wit:

**FACTS**

This lawsuit arises from, and relates to, a claim for allegedly unpaid invoices for goods shipped under and pursuant to the terms and conditions of a Supplier Agreement between the Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), and Plaintiffs, Americana Products Company, Inc., d/b/a American Products Company, Inc. and Melinda Yparrea (collectively "Plaintiffs"). *See* Ex. A, attached to Wal-Mart's Motion to Dismiss or Alternatively to Transfer.[1] Plaintiffs have pled federal jurisdiction under and pursuant to both 28 U.S.C. 1332 (diversity) and 28 U.S.C. 1338(a) (federal question.)

---

[1] Hereinafter, all references to Exhibits shall be references to Exhibits attached to Wal-Mart's Motion to Dismiss or Alternatively to Transfer.

Plaintiffs were sellers of certain magnetic flashing pin products. Ex B, at ¶ 8. On July 10, 2003, Plaintiffs entered into a Supplier Agreement with Wal-Mart. Ex. A. The Supplier Agreement contains the following forum selection clause:

> "Order" shall mean any written or electronic purchase order issued by Company;
>
> * * *
>
> 24. FORUM SELECTION; CHOICE OF LAW; STATUTE OF LIMITATIONS. This Agreement, any and all Orders, and any and all disputes arising thereunder or related thereto, whether sounding in contract or tort, shall be governed by and construed in accordance with the laws of the State of Arkansas without regard to the internal law of Arkansas regarding conflicts of law, and the federal and/or state courts of Benton and Washington County, Arkansas, shall have exclusive jurisdiction over any actions or suits relating thereto. The parties mutually acknowledge and agree that they shall not raise, and hereby waive, any defenses based upon venue, inconvenience of forum or lack of personal jurisdiction in any action or suit brought in accordance with the foregoing. Any legal action brought by Supplier against Company with respect to this Agreement or any Orders shall be filed in one of the above referenced jurisdiction within two (2) years after the cause of action arises or it shall be deemed forever waived. The parties acknowledge that they have read and understand this clause and agree willingly to its terms.

Ex. A.

After entering into the Supplier Agreement with Wal-Mart, Plaintiffs began to ship products to individual Wal-Mart stores that were either not ordered, or at variance with and in gross excess of that ordered or accepted by Wal-Mart and its individual stores. Plaintiffs did this in violation of their express agreement with Wal-Mart not to ship directly to individual stores. Plaintiffs have alleged in their Complaint that each and every product shipped to Wal-Mart, or one of its individual store locations, was shipped pursuant to "a distinct purchase order number for the order, and Plaintiff[s] incorporated this purchase order number and referenced it in the invoices." Ex. B, at ¶ 80. Notably, the vast majority of shipments made by Plaintiffs were made to locations outside of Mississippi. In fact, a relatively insignificant amount of the Plaintiffs' total alleged damages could

2

potentially be attributable to Wal-Mart store locations in Mississippi. *See* Wal-Mart Product On Hand Report, indicating vast majority of invoices at issue relate to Wal-Mart Store locations outside of Mississippi, attached as Ex. C.

Since the inception of the Supplier Agreement between and among the parties multiple communications, telephone calls and emails were exchanged between the Plaintiffs and Wal-Mart's representatives in the Western District of Arkansas. Plaintiffs met with Wal-Mart officials to discuss the terms of the agreement in place between them in the Western District of Arkansas. On June 23, 2006, Plaintiffs brought suit alleging causes of action for breach of contract, bad faith breach of contract, extortion, oppression, fraudulent misrepresentation, copyright infringement, liable and slander. Each and every cause of action asserted by the Plaintiffs herein is founded upon and intimately intertwined with the meetings, activities and discussions embodied within the representative documents attached hereto as Ex. D,[2] all of which were either conducted in, originated in or sent to the Western District of Arkansas. *See also* Ex. B, at ¶¶ 9, 11, 12, 18, 22, 24, 25, 28, 31, 32, 33, 35, 42, 44, 46, 47, 48, 50, 52(a), 56. On August 10, 2006, Wal-Mart filed its Answer and Affirmative Defenses, specifically objecting to venue in Mississippi.

## ARGUMENT

**A.  Plaintiffs' Complaint Should Be Dismissed for Improper Venue, Or, Alternatively, Transferred United States District Court for the Western District of Arkansas, Fayetteville Division, under and Pursuant to the Terms and Conditions of the Supplier Agreement.**

Enforceability of a forum selection clause is governed by federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). A forum selection clause is prima facie valid and

---

[2] For the Court's convenience, Exhibit D contains only an exemplar or sampling of correspondence relevant hereto.

enforceable unless the opposing party shows that enforcement would be unreasonable because of fraud or overreaching. *Kelvin Services, Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir.1995). *See also ACS Const. Co., Inc. v. Chamberlin Co., Inc.*, 1999 WL 33537233, *2 (N.D. Miss. July 29, 1999) The contracting party seeking to avoid the consequences of a forum selection clause bears "a heavy burden of proof." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991).

The Supplier Agreement specifically provides that the federal and/or state courts of Benton and Washington County, Arkansas, have exclusive jurisdiction over this action. As a result, venue in the Southern District of Mississippi is improper and this cause should be dismissed pursuant to Fed. R. Civ. P. 12(b)3. Alternatively, under and pursuant to the terms and conditions of the Supplier Agreement, this action should be transferred to the United States District Court for the Western District of Arkansas, Fayetteville Division.

**B.      This Action Should Be Transferred Because the United States District Court for the Western District of Arkansas, Fayetteville Division, Is the Most Convenient Forum in Which to Try this Cause.**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §§ 1404(a). In *Mizell v. Prism Computer Corp.,* 27 F.Supp.2d 708 (S.D.Miss.1998), the court provided a detailed set of tests under which to consider a motion to transfer. The court held:

> The party seeking transfer pursuant to § 1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum is clearly more convenient and that transfer is proper. *Davidson v. Exxon Corporation,* 778 F.Supp. 909 (E.D.La.1991); *Frazier v. Commercial Credit Equipment Corporation,* 755 F.Supp. 163, 166 (S.D.Miss.1991). There must be a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. *Southern Investors II v. Commuter Aircraft*

*Corporation,* 520 F.Supp. 212, 213, 218 (M.D.La.1981), citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

*Mizell v. Prism Computer Corp.,* 27 F.Supp.2d *2.

The circumstances of the case at bar warrant transferring this case to the Western District of Arkansas, Fayetteville Division. As will be established below, the Western District of Arkansas is not only more convenient for all parties herein, but a transfer thereto is also in the best interest of justice.

### 1. This Case May Be Transferred to the Western District of Arkansas Because Plaintiff Could Have Originally Brought Suit There.

Transfer under § 1404(a) is limited to those situations in which the district to which transfer is sought is one where the plaintiff could have entertained the suit originally. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. 163 (S.D.Miss.1991), citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 1089-90, 4 L.Ed.2d 1254 (1960). Thus, transfer may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all the defendants if it had been the original forum. *Frazier,* 755 F.Supp. at 165, citing *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 24 (3rd Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

The instant action is largely estranged from the Southern District of Mississippi and could have been brought in the Western District of Arkansas where the vast majority of events that give rise to the allegations contained within the Plaintiffs' Complaint occurred. According to the Plaintiffs' Complaint, jurisdiction would have been proper in the Western District of Arkansas. *See* Comp. at ¶ 3. Because the Plaintiff could have, and indeed should have, filed this suit in the Western District of Arkansas originally, this court may transfer this action thereto. 28 U.S.C. § 1404(a).

## 2. This Case Should Be Transferred to the Western District for the Convenience of the Parties and in the Interests of Justice.

In making a determination that another forum will be more convenient, several factors must be considered, including the convenience of the parties; the convenience of witnesses; the interests of justice; location of counsel; the location of records and other documentary evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; and the possibility of delay and prejudice if transfer is granted, as well as the plaintiff's choice of forum. *Alderwoods Group, Inc. v. Riemann*, WL 3116067, *3 (S.D.Miss. 2005); *see also Eddy v. Inland Bay Drilling & Workover, Inc.,* 784 F.Supp. 370, 375 (S.D. Tex.1992)(recognizing court's power to transfer on these grounds under § 1404(a)).

In *Apache Products Co. v. Employers Ins. of Wausau,* 154 F.R.D. 650 (S.D.Miss.1994), the court identified additional factors that should be considered when deciding whether to transfer a case under § 1404(a), namely:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the court; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in the community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendant; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

*Id.,* 154 F.R.D. at 653 (citing *Fullman v. AAA Cooper Transp. Co.,* 732 F.Supp. 54, 55 (N.D.Miss.1990)) (quoting *Radio Santa Fe, Inc. v. Sena,* 687 F.Supp. 284, 287 (E.D.Texas 1988)).

Applying these factors to the case at bar, it is appropriate for this court to transfer this case to the Western District of Arkansas, Fayetteville Division. As established above, no significant act or occurrence which gives rise to the Plaintiffs' Complaint took place in the Southern District of Mississippi. The Plaintiffs reside in Santa Rosa County, Florida. The actions that give rise to the instant Complaint occurred, if at all, in the Western District of Arkansas. *See* Ex. B, at ¶¶ 9, 11, 12, 18, 22, 24, 25, 28, 31, 32, 33, 35, 42, 44, 46, 47, 48, 50, 52(a), 56. Thus, the Western District of Arkansas is the more convenient forum in which to try this case for both the Plaintiffs and Defendant.

In addition, ease of access to sources of proof favors the transfer of this case to the Western District of Arkansas. There will be easier access to sources of proof in the Western District of Arkansas, where the Supplier Agreement was signed, and email and telephone correspondence originated or was sent. The bulk of the documents touching upon this case are located in the Western District of Arkansas.

Almost all witnesses who will likely be called to testify in this case are located in the Western District of Arkansas. In fact, out of the nineteen (19) witness which Plaintiffs' have indicated they may call in support of their claims in this case through pre-discovery disclosures, only six (6) are located outside of the Western District of Arkansas. All six (6) who reside outside the Western District of Arkansas, are either the Plaintiffs in this cause or the Plaintiffs' employees. The remaining thirteen (13) witnesses are Wal-Mart representatives located within the Western District. Thus, the cost of obtaining evidence and witnesses' attendance at trial will, if anything, be substantially reduced by transferring this case to the Western District of Arkansas, Fayetteville Division. Moreover, certain of the Wal-Mart employees identified in Plaintiffs' pre-discovery

7

disclosures are no longer employed by Wal-Mart. Trying this case in Mississippi will deprive both parties of the availability of compulsory process with respect to such witnesses.

If there is any local interest in this case, it would be by persons who are residents of the Western District of Arkansas. All of the acts relevant to the claims raised in the Plaintiffs' complaint occurred, if at all, in the Western District of Arkansas, and according to the Plaintiffs' Complaint, were carried out by individuals located there. Ex. B, at ¶¶ 9, 11, 12, 18, 22, 24, 25, 28, 31, 32, 33, 35, 42, 44, 46, 47, 48, 50, 52(a), 56. In contrast, the Southern District has little interest in the case. Neither the Plaintiffs, nor the Defendant, have their principal place of business in Mississippi. None of the individuals alleged to have wronged the Plaintiffs are located in Mississippi.

Moreover, this case is still in its early stages. No depositions have been conducted and, transfer of this action pursuant to § 1404(a) will not result in delay or prejudice to any party. As a result, a transfer at this time will not thwart judicial economy, but, instead, serve the interests of justice.

"...[T]he general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors." *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981); *Riemann*, WL 3116067, *3. "...[W]here the defendant does show that another forum is significantly more convenient for the parties and witnesses, and that there appear to be no substantial impediments otherwise to transfer, the plaintiff's choice of forum must give way and the court should not hesitate to order a transfer." *Apache Products Co.*, 154 F.R.D. 653. *See also Langley v. Minnesota Mutual Life Ins. Co.*, 1997 WL 33427093, *2 (N.D. Miss. June 26,1997). As the Court pointed out in *Massey v. Monsanto Co.*, WL 1146705, *3 -4 (N.D. Miss. June 13, 2000) citing *Armco Steel Co. v. CSX Corp.*, 790 F.Supp. 311, 323 n. 11 (D.C.Cir. 1991), "the deference accorded

the plaintiff's choice of forum is diminished when the plaintiff has brought suit in a forum which is not its 'home turf.'"

This matter is estranged from and has no significant connection with the Southern District of Mississippi. Ex. C and D. Plaintiffs' choice of forum is not their "home turf," and the Western District of Arkansas, Fayetteville Division, will be a far more convenient forum in which all parties hereto may try this case. The interests of justice will be best served by this case being tried where the events, discussions, and teleconferences leading to the instant action took place, and the individuals who may offer testimony regarding same are located. At this time, a change of venue will not result in delay or prejudice to any party. As a result, this court is within its sound discretion to transfer this case.

**CONCLUSION**

For the convenience of the parties and in the interest of justice, this case should be dismissed for improper venue, or, transferred to the United States District Court for the Western District of Arkansas, Fayetteville Division, pursuant to the terms and conditions of the Supplier Agreement at issue. Alternatively, Defendant prays that this cause be transferred to the United States District Court for the Western District of Arkansas, Fayetteville Division, for the convenience of the parties and in the interest of justice.

Respectfully submitted,

**WAL-MART STORES INC.**

By: s/ Kelly D. Simpkins
Kelly D. Simpkins (MSB #9028)
Josh P. Henry (MSB #101148)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
(601) 605-6900 (Telephone)
(601) 605-6901 (Facsimile)

## CERTIFICATE OF SERVICE

I, Kelly D. Simpkins, do hereby certify that a copy of the above and foregoing document has this day been sent, via First Class Mail, postage pre-paid, to the following:

David W. Clark, Esq.
Mary Clay W. Morgan, Esp.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, Mississippi 39215-1789

Dated this 22nd day of December, 2006.

                                                 s/ Kelly D. Simpkins