IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELINDA YPARREA and AMERICANA PRODUCTS
COMPANY, INC, d/b/a AMERICAN PRODUCTS
COMPANY, INC.; and MELINDA YPARREA, Individually        PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:06cv343DPJ-JCS

WAL-MART STORES, INC.                                   DEFENDANT

**RESPONSE TO MOTION TO DISMISS FOR IMPROPER
VENUE OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiffs properly filed their Complaint with this Court. This Court has personal jurisdiction over Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), and venue is proper here. The parties to this litigation are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Nevertheless, Wal-Mart urges this Court to decline to exercise jurisdiction over this matter. Wal-Mart argues that Plaintiffs are bound by a forum selection clause they rejected and that expired prior to the events leading to this lawsuit, and that this forum is not convenient for Wal-Mart. Wal-Mart's arguments are without merit. Plaintiffs are the masters of their complaint, and courts afford their choice of forum great deference. There is nothing in the record requiring this Court to disturb the Plaintiffs' selection of this forum as a proper venue for pursuing this lawsuit.

**Background**

Plaintiffs, Melinda Yparrea, a resident of the State of Florida, and Americana Products Co, Inc., a Florida corporation, with a principal place of business in Florida, filed this lawsuit

against Wal-Mart, a Delaware corporation, with a principal place of business in Arkansas, in this forum, alleging claims of breach of contract, bad faith breach of contract, extortion and oppression, fraudulent misrepresentation, copyright infringement, libel and slander and requesting injunctive relief. Plaintiffs and Wal-Mart entered into a purchase arrangement for the sale of magnetic, flashing enamel pins in the summer of 2003. *See* Affidavit of Melinda Yparrea ("Yparrea Aff.") at ¶ 3. The terms of the arrangement are not memorialized in any mutually-signed document. Instead, Wal-Mart and its individual stores purchased pins from Plaintiffs on an order-by-order basis. *Id.* at ¶ 7. Plaintiffs never agreed to any other terms or restrictions. In fact, Plaintiffs expressly rejected the terms of Wal-Mart's Supplier Agreement, which was not presented to Plaintiffs until *after* Wal-Mart and Plaintiffs contracted for the initial sale of the pins. *Id.* at ¶ 3-4.

Over the course of Plaintiffs' arrangement with Wal-Mart, Wal-Mart authorized Plaintiffs to contact and take orders from individual Wal-Mart stores. Compl. at ¶ 35. Plaintiffs received substantial orders from individual Wal-Mart stores, including several stores located in the Jackson Division of the Southern District of Mississippi. *Id.* at ¶ 37. In or around September 2004, in breach of their contract with Plaintiffs, Wal-Mart and its individual stores, including Wal-Mart stores located in this district, refused to pay Plaintiffs for pins they had ordered from them. *Id.* at ¶ 40.

**Argument**

I. <u>Plaintiffs rejected the terms and conditions of the Supplier Agreement.</u>

An enforceable contract requires an offer, acceptance, and consideration. *Serv. Elec. Supply Co., Inc. v. Hazelhurst Lumber Co., Inc.*, 932 So.2d 863, 869 (Miss. Ct. App. 2006).

Here, the forum selection clause on which Wal-Mart relies is unenforceable, because Plaintiffs rejected the Supplier Agreement containing the clause.

Beginning on August 6, 2003, Wal-Mart purchased pins from Plaintiffs on an order-by-order basis without any other agreements or contracts. *See* Yparrea Aff. at ¶ 7. Copies of purchase orders Wal-Mart placed with Plaintiffs on August 6, 2003 are attached to the Yparrea Aff. as Exhibit A. Only *after* Wal-Mart began placing orders with Plaintiffs did Wal-Mart send Plaintiffs a proposed, undated Supplier Agreement, postmarked August 14, 2003. *Id.* at ¶ 3-4. A copy of the proposed, undated Supplier Agreement Wal-Mart sent Plaintiffs on August 14, 2003 is attached to the Yparrea Aff. as Exhibit B. Along with the proposed Supplier Agreement, Wal-Mart sent Plaintiffs a Supplier Information Manual. *Id.* at ¶ 4. Relevant portions of the Supplier Information Manual are attached as exhibit C to the Yparrea Aff. The Supplier Information Manual states that the Wal-Mart Supplier Agreement *must be signed* by the supplier:

> **Signatures**
> 1. Include addresses and telephone numbers for the following:
>    a. Sales Representative
>    b. Manager or Vice President of Sales
>    c. President of Company
> 2. A principal of your company must indicate title; sign (do not type).

*See* Exhibit C to Yparrea Aff. at 2-3. Plaintiffs rejected Wal-Mart's proposed Supplier Agreement by refusing to sign and return the agreement to Wal-Mart. *See* Yparrea Aff. at ¶¶ 5-6.

Thereafter, in spite of Plaintiffs' rejection of the Supplier Agreement, Wal-Mart continued to purchase pins from Plaintiffs on an order-by-order basis without complaint. *Id.* at ¶ 7. No Wal-Mart representative ever complained to American Products that American Products did not sign the proposed Supplier Agreement. *Id.*

As Wal-Mart continued to do business without complaint after Plaintiffs refused to sign the proposed Supplier Agreement, Wal-Mart cannot now claim that the Supplier Agreement is applicable here. Plaintiffs and Wal-Mart conducted business under an unwritten order-by-order purchasing arrangement until Wal-Mart refused to pay for the pins it had ordered from Plaintiffs. Requiring Plaintiffs to now abide by the forum selection clause of the Supplier Agreement, which Plaintiffs never signed and expressly rejected, and neither party relied on, would visit an injustice upon Plaintiffs.

In any event, the unsigned Supplier Agreement attached as Exhibit A to Wal-Mart's Motion expired before the conflict between the parties arose. The copy of the Supplier Agreement on which Wal-Mart relies states that its effective date is July 10, 2003.[1] *See* Exhibit A to Wal-Mart's Motion. Paragraph 27 of the unsigned Supplier Agreement states as follows:

> 27. **TERM OF AGREEMENT**. This Agreement ends one year after the Effective Date. This Agreement may only be renewed or extended by an agreement signed by an authorized officer of Company and Supplier. Supplier and Company are under no obligation to extend the term of this Agreement or to renew this Agreement. Neither Supplier nor Company should take any actions in reliance upon this Agreement being extended or renewed. Neither party shall be responsible for any costs incurred by the other in anticipation of the extension or renewal of this Agreement.

*Id.* Wal-Mart never sent any proposed renewal of the Supplier Agreement to Plaintiffs. *See* Yparrea Aff. at ¶ 8. Thus, even if Plaintiffs had agreed to the proposed Supplier Agreement, which they expressly did not, the document on which Wal-Mart relies expired by its own terms on July 10, 2004. This lawsuit pertains to Wal-Mart's failure to pay for shipments beginning in September of 2004, after the Supplier Agreement on which Wal-Mart relies had expired. *See*

---

[1] Curiously, the unsigned Supplier Agreement attached as Exhibit A to Wal-Mart's Motion is dated July 10, 2003, more than a month before Wal-Mart sent a proposed Supplier Agreement to Plaintiffs on August 16, 2003.

Compl. at ¶ 38. Thus, even if the parties had agreed to be bound by the Supplier Agreement in July 2003 as Wal-Mart claims, that agreement would not govern this action.

To now require Plaintiffs to pursue this lawsuit in a venue chosen by a contract Plaintiffs never agreed to would unjustly deny Plaintiffs, as masters of their complaint, their right to be heard in the forum of their choosing. This Court should not allow Wal-Mart to take advantage of its purchase arrangement with Plaintiffs, and now avail itself of the Supplier Agreement's forum selection clause to evade this forum's jurisdiction. For these reasons, Wal-Mart's motion to dismiss[2] for improper venue should be denied.

II. <u>There are no factors present here that outweigh Plaintiffs' right to be heard in the forum of their choosing.</u>

There is a strong presumption in favor of a plaintiff's choice of forum. *Vasquez v. Bridgestone/Firestone*, 325 F.3d 665, 672 (5th Cir. 2003); *Street v. Smith*, 456 F. Supp. 2d 761, 767 (S.D. Miss. 2006). This presumption is defeated only when certain factors *clearly* point towards trial in an alternative forum. *Street*, 456 F. Supp. 2d 767 ("[A] plaintiff's choice of forum controls unless it is clearly outweighed by other considerations."). "The defendant[] bear[s] the burden of establishing the propriety of transfer, and to sustain [its] burden, must prove not only that the proposed transferee forum is as convenient as plaintiff's chosen forum, but that on balance, it is more convenient . . ." *Id.* (citation omitted). Wal-Mart has not met this heavy burden.

In making a forum non conveniens determination, courts consider several **private factors**: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses;

---
[2] Even if Plaintiffs had agreed to Wal-Mart's proposed Supplier Agreement, which they did not, dismissal would still be inappropriate here. The proper remedy for a party seeking to enforce a valid forum selection clause is transfer to the district selected by contract, not dismissal. *See Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 684 (S.D. Miss. 2005).

and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive;" and several **public factors**: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). None of these factors carries dispositive weight. *Id.*

Plaintiffs are aware that Wal-Mart would prefer to litigate this case in an Arkansas court as its principal place of business is Arkansas; however, Wal-Mart must meet a much higher burden of proof to properly demonstrate that it is entitled to a change of venue based on forum non conveniens. Wal-Mart has failed to demonstrate that it will suffer any vexation or oppression by having to defend this lawsuit in this forum, or that an Arkansas court would *clearly* provide a more convenient forum for the Court and the parties.

Wal-Mart claims that this district has no connection to Plaintiffs' claims. In fact, Plaintiffs' Complaint alleges that Wal-Mart's breach of contract occurred, in part, in this district. Plaintiffs have alleged that certain acts or occurrences took place in the State of Mississippi and the Southern District. Plaintiffs received substantial orders from the individual Wal-Mart stores located in the Jackson Division of the Southern District of Mississippi, and almost all of the Wal-Mart stores located in this District have refused to pay Plaintiffs for pins they ordered. (Compl. at ¶¶ 37, 40.) The Wal-Mart representatives from the Mississippi stores who placed these orders and communicated with Plaintiffs will be material witnesses.

The private factor of access to sources of proof does not weigh in favor of transfer. Contrary to Wal-Mart's assertions, the discovery Plaintiffs will seek is located in various states.

The Wal-Mart stores that ordered, but did not pay for, Plaintiffs' products are located in many states, including Mississippi.

Wal-Mart does not allege that it will have to incur any unreasonably burdensome costs in obtaining the attendance of its witnesses, nor will it. Wal-Mart states, without evidentiary support, that "certain" witnesses are no longer Wal-Mart employees and may be unwilling witnesses. Brief in Support of Wal-Mart's Motion to Dismiss (Doc. #17) at 7-8. However, this bald assertion is insufficient to meet Wal-Mart's heavy burden. Wal-Mart does not state who these "certain" witnesses are, whether they are unwilling to voluntarily appear in this district, why their testimony is necessary, or even whether these former employees are currently located within the subpoena power of the Western District of Arkansas, Fayetteville Division. This is an insufficient showing to warrant transfer. *See Street v. Smith*, 456 F. Supp. 2d at 766-67 (denying motion to transfer despite defendants' assertion that some material witnesses resided in alternate forum).

Further, a number of the non-party witnesses in this case will be former employees of Plaintiffs, who are now located in Florida and Alabama. *See* Yparrea Aff. at ¶ 9. Due to the broad geographical range of the parties, potential witnesses, and the Wal-Mart stores at issue, the parties in this case, no matter the venue, will likely need to preserve testimony of witnesses beyond compulsory process by deposition. Wal-Mart's motion does not prove that the Western District of Arkansas is clearly more convenient than this district.

Wal-Mart also claims, without specificity, that "the bulk of the documents touching upon this case are located in the Western District of Arkansas." Brief in Support of Wal-Mart's Motion to Dismiss at 7. It appears that Wal-Mart is referencing not third-party documents, but *its own* internal documents, *i.e.* "the Supplier Agreement . . . email and telephone

correspondence." *Id.* The fact that Wal-Mart's own internal documents are located in Arkansas bears no weight in this analysis. The same discovery rules will apply to document requests between the parties in any federal district court. Wal-Mart will face no additional burden in producing documents pursuant to discovery filed in this Court than it would in the Western District of Arkansas. Wal-Mart points to no *non-party* sources of documentary evidence in Arkansas to which the subpoena powers of an Arkansas court would provide ease of access. Further, Wal-Mart again fails to recognize that documentary proof is also located in Florida at Plaintiffs' place of business. Clearly, the relevant proof in this case will be located throughout the Southeast, including Arkansas, Florida, Mississippi, and other states in which Wal-Mart's stores directly ordered Plaintiffs' products. Wal-Mart cannot meet its burden of proving that the factor of ease of access of proof *clearly* requires transfer.

The public interest factors also do not require transfer. Wal-Mart claims that this district has no local interest in this matter. However, Mississippi does have an interest in this lawsuit. Wal-Mart has a strong presence throughout the State of Mississippi and this district. Many of these stores have breached their contract with Plaintiffs. This Court and the residents of this district have a legal interest in enforcing contracts between corporations doing business in Mississippi.

Further, the public interest factors of familiarity of the forum with the governing law and avoidance of conflicts in application of foreign laws do not raise any issues requiring transfer. Plaintiffs' claims are for breach of contract for sale of goods and copyright infringement. These claims are governed by law that is uniform throughout the nation. Thus, the public interest factors also weigh in favor of this Court retaining jurisdiction.

Wal-Mart's motion fails to meet the high burden placed on a defendant seeking transfer pursuant to 28 USC § 1404(a). As Wal-Mart has not proven that the public and private interest factors clearly require transfer, its motion must be denied.

**Conclusion**

For the foregoing reasons, this Court should deny Wal-Mart's Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue.

RESPECTFULLY SUBMITTED, this the 19th day of January, 2007.

**s/ David W. Clark**
DAVID W. CLARK (MBN 6112)
MARY CLAY W. MORGAN (MBN 101181)
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, Mississippi 39215-1789
Phone: (601) 948-8000
Facsimile: (601) 948-3000
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I, David W. Clark, attorney for Plaintiffs, hereby certify that on the 19th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Joshua Payton Henry**
  jhenry@wellsmar.com LCheek@wellsmar.com
- **Kelly D. Simpkins**
  ksimpkins@wellsmar.com bgreen@wellsmar.com

                                         s/ David W. Clark_____
                                         DAVID W. CLARK